**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN DAO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 12-cv-10177 |
| MICHAEL ROBERT ENTERPRISES, INC. | ) | |
| d/b/a CHICAGO NORTHSIDE TOYOTA | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Kevin Dao brings this action to secure redress for the actions of

defendant Michael Robert Enterprises, Inc. d/b/a Chicago Northside Toyota (hereinafter referred to

as "Northside" or "Defendant") for violation of the Fair Credit Reporting Act ("FCRA"), the Illinois

Consumer Fraud Act ("ICFA") and common law invasion of privacy.

## PARTIES

2.      Plaintiff Kevin Dao is an individual who resides in this District.

3.      Defendant Chicago Northside Toyota is an Illinois corporation and operates

as a car dealership at 5625 N Broadway, Chicago, Illinois.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction.  Venue lies in this

district because a substantial portion of the events took place here.  28 U.S.C. § 1391.

## FACTS

5.      On or around December 1, 2012, Plaintiff obtained his credit report from

Trans Union which revealed that Defendant obtained Plaintiff's credit report on October 27, 2012.

6.      The Trans Union report reveals that four other auto finance companies also pulled Plaintiff's report on October 30, 2012, three days following Defendant's pull.

7.      Reports from both Experian and Equifax reflect that auto finance companies pulled Plaintiff's information on October 30, 2012.

8.      On December 1, 2012, Plaintiff contacted Defendant.  Tony Ho, a salesman from Northside, admitted he ran the credit report on Plaintiff's account when a woman, Lieu Hanh Thi Tran, provided him with Plaintiff's information.

9.      Tony Ho attempted to use Plaintiff's credit in order to obtain financing to sell a vehicle in order to profit himself and Defendant.

10.     At no time did Plaintiff give Defendant, Tony Ho, or Lieu Hanh Thi Tran permission to obtain his credit report or apply for financing.

11.     Plaintiff subsequently contacted Defendant and spoke to the General Sales Manager, Matthew Milla.

12.     On December 4, 2012, Matthew Milla sent a letter denying that any credit report was pulled on Plaintiff despite the Trans Union record reflecting the pull and despite the admission of Tony Ho.

13.     Defendant's denial is a blatant attempt to cover up the illegal actions in order to shield itself form liability.

14.     Plaintiff has been damaged as a result of Defendant's actions.  His credit score had dropped and he has expended numerous hours trying to clear his name, has out-of-pocket costs associated with sending disputes with the credit bureaus to clear his credit report, and his privacy has

been invaded.  Further, it is unknown at this time whether a loan was taken out in Plaintiff's name, especially as he has not received any adverse action notices which are required in the financing was rejected.

## COUNT I – FAIR CREDIT REPORTING - UNAUTHORIZED PULL AND UNAUTHORIZED USE OF CREDIT INFORMATION

15.     Plaintiff incorporates ¶¶ 1-14.

16.     Defendant obtained Plaintiff's credit report without authorization.

17.     Defendant obtained Plaintiff's credit report without a permissible purpose.

18.     Defendant certified to the credit agency that it had a permissible purpose to obtain Plaintiff's credit report.

19.     Defendant, through its employee or agent, violated the FCRA by obtaining credit information regarding Plaintiff under false pretenses.

20.     On information and belief, Defendant forwarded Plaintiff's credit information to several auto finance companies.

21.     In doing so, Defendant again represented that it had authority to do so and caused the finance companies to also pull Plaintiff' report thereby lowering of Plaintiff's credit score.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff, and against Defendant for:

a.     Statutory damages;

b.     Actual damages;

c.     Punitive damages;

d.     Attorney's fees and costs of suit;

3

     e.     Such other or further relief as the Court deems just and proper.

## COUNT II- VIOLATIONS OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505

22.     Plaintiff incorporates ¶¶ 1-21.

23.     Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by violating the FRCA.

24.     Defendant should have known that it was not authorized to obtain Plaintiff's credit report.

25.     Plaintiff was damaged as a proximate cause of Defendant's actions as his privacy was invaded and he spent and will continue to spend a considerable amount of time attempting to resolve the situation.

26.     Defendant's actions were willful or intentional and done with evil motive or reckless indifference to the rights of others.

27.     The conduct of Defendant resulted in public injury and had an effect on consumers and the public interest generally.  Defendant's falsely obtaining a credit report, invasion of privacy and providing Plaintiff incorrect information regarding the impermissible pull was unfair, deceptive and violated public policy.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant and award damages as follows:

     a.     Actual damages in an amount to be proven at trial;

     b.     Punitive damages,

     c.     A declaration that this conduct violates the Illinois Consumer Fraud

and Deceptive Business Practice Act;

d.      Reasonable attorney's fees and costs of suit; and

e.      Any such other relief this Court deems appropriate.

## COUNT III – INVASION OF PRIVACY

28.     Plaintiff incorporates ¶¶ 1-27.

29.     Defendant intruded upon seclusion of Plaintiff when it pulled his credit report or otherwise accessed his private information.

30.     Defendant's actions intruded on the Plaintiff's seclusion or private affairs in a way that would be highly offensive to a reasonable person.

31.     Plaintiff was damaged as a proximate result of Defendant's actions.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and against Defendant and award damages as follows:

a.      Actual damages in an amount to be proven at trial;

b.      Punitive damages in an amount sufficient to deter Defendant  and other similarly-situated from engaging in similar conduct in the future;

c.      Any such other relief the court deems appropriate.


/s/Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Katherine M. Bowen
KEITH J. KEOGH, LTD.
101 N Wacker Drive, Suite 605

5

Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com


JURY DEMAND

Plaintiff demands trial by jury.


/s/Keith J. Keogh
Keith J. Keogh

6